# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOCELYN Y. DIAZ,

      Plaintiff,

vs.                              CASE NO.: 6:14-CV-1338-ORL-31

THE FIRST MARBLEHEAD
CORPORATION, NATIONAL
COLLEGIATE TRUST, et al.,

      Defendants.

_____/

## MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Defendant, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, INC. d/b/a AMERICAN EDUCATION SERVICES ("AES")[1], by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12 moves for an Order dismissing the Amended Complaint filed by Plaintiff, JOCELYN Y. DIAZ ("Plaintiff"), and in support thereof states:

### INTRODUCTION

On August 20, 2014, Plaintiff filed this action against multiple parties related to Plaintiff's student loan debt. (DE 1) Thereafter, on August 28, 2014, Plaintiff filed her Amended Complaint dropping all parties from this action except for AES. (DE 8) Although Plaintiff goes to great length to attempt to describe the ownership history of her

---

[1] "American Education Services" is merely a fictitious name utilized by the Pennsylvania Higher Education Assistance Agency ("PHEAA"). Keller v. G.C. Serv., L.P. et al., 2013 WL 3213338, at *2, fn. 1 (E.D.Pa. June 26, 2013); Walker v. Am. Educ. Serv., 2010 WL 1687613, at *1, fn. 1 (M.D.Pa. April 26, 2010). PHEAA is a statutorily-created state agency of the Commonwealth of Pennsylvania. 24 P.S. §§ 5101-5199.9; see also Keller, 2013 WL 3213338, at *2, fn. 3; Donohue v. Regional Adjustment Bureau, Inc., 2013 WL 607853, at *7 (E.D.Pa. February 19, 2013); Linko v. Am. Educ. Serv., 2012 WL 1439052, at *4 (M.D.Pa. April 26, 2012).

student loans (the "Student Loans"), the critical fact that she alleges to which there is no dispute is "*Defendant, AES, is the servicer of the two student loan [sic] referred to above and alleged to be owed by Plaintiff.*" *See Amended Complaint, ¶ 34.* The balance of allegations is directed to the alleged collectivity activity of AES as servicer of the Student Loans. *See Amended Complaint, ¶ 35-48.* Based upon these allegations, the Plaintiff attempts to allege a claim that AES violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (the "FDCPA") with regard to the Student Loans. As more fully discussed below, Plaintiff has not and cannot state a claim under the FDCPA and this action should be dismissed with prejudice.

ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). The purpose of Rule 12(b)(6) is to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Birdette v. Capitol One Bank (USA), N.A.*, 2012 WL 8319317 at *1 (11th Cir. 2012). As the Eleventh Circuit has held, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *See id.,* quoting *Davila v. Delta Air Lines, Inc.*, 326 F. 3d 1183, 1185 (11th Cir. 2003).

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1950 (2009) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has noted that a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible, [otherwise, his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

As noted above, Plaintiff attempts to allege AES, as servicer of the Student Loans, violated the FDCPA based upon collection activity thereon. Even accepting these allegations as true for purposes of a motion to dismiss, AES must be dismissed from this action with prejudice as the Plaintiff has not and cannot allege any ultimate facts which would support a claim under the FDCPA because AES, as servicer, is not subject to the FDCPA.

As a matter of law, the FDCPA only regulates the practices of "debt collectors" and the statute includes a specific definition of that term. *See* 15 U.S.C. § 1692a(6). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* Further, the FDCPA expressly excludes from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

It has been universally held by the Eleventh Circuit and other federal courts throughout the nation that creditors and servicing companies are not "debt collectors" under the FDCPA. *See e.g. Monroe v. CitiMortgage, Inc., 2007 WL 1560194 *2 (S.D.*

*Fla. 2007), Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (citing 15 U.S.C. § 1692a(6)(A)), *Freeman v. Great Lakes Educational Loan Services, 2013 WL 2355541 *6 (N.D. Fla. 2013). Aubert v. Am. Gen. Fin.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection "are not subject to the Act."); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors"); *Brumberger v. Sallie Mae Servicing Corp., 84 Fed. Appx. 458 (5th Cir. 2004)(affirming dismissal of FDCPA claim against student loan servicer); Ramirez-Alvarez v. Aurora Loan Servicers, LLC 2010 WL 2934473 *5 (E.D. Va. 2010); Mondonedo v. Sallie Mae, Inc., 2009 WL 801784 *5 (D. Kan. 2009); Carter v. AMC LLC,* 645 F.3d 840, 843 (7th Cir. 2011) (noting "at least four courts of appeals, including ours, have concluded that a servicing agent for a loan 'obtains' the debt even though the bank owns the note" and therefore not subject to the Act); *Bilal v. Chase Manhattan Mortg. Corp.,* No. 05 C 7120, 2006 U.S. Dist. LEXIS 39040 (N.D. Ill. Jun. 13, 2006) (granting mortgage servicer's motion to dismiss because the servicer was considered a creditor, not a debt collector, under the FDCPA); *Reynolds v. Gables Residential Services, Inc.,* 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006) (finding that servicer for a lessor was not a "debt collector" under FDCPA).

Indeed, courts have specifically found that AES as a student loan servicer is not subject to the FDCPA absent an allegation that the debt was in default when AES acquired it. *See Edmond v. American Education Services, Case No.: 10-0578, United States District Court, District of Columbia (DE 22); Brenner v. American Education*

*Services, Case No.: 4:CV1631, United States District Court, Eastern District of Missouri (DE 74).*

As a result, the Amended Complaint must be dismissed as to AES with prejudice. Based upon the foregoing well-settled law that the FDCPA does not apply, it is further clear that Plaintiff brought this action against AES in "bad faith and for purposes of harassment" for which AES is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. 1692(k)(a)(3).

WHEREFORE, Defendant, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, INC. d/b/a AMERICAN EDUCATION SERVICES respectfully requests this Court enter an Order dismissing the Amended Complaint with prejudice, an award of attorneys' fees and costs, and such other relief as is proper.

Dated: October 1, 2014

Respectfully Submitted,


/s/ Louis M. Ursini, III
Louis M. Ursini, III, Esq.
Florida Bar No. 0355940
Primary:        Louis.Ursini@arlaw.com
Secondary:    Amanda.Smith@arlaw.com

ADAMS AND REESE LLP
101 East Kennedy Blvd, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880
Fax: (813) 227-5627
*Counsel for AES*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the following are listed to receive Notices of Electronic Filing through CM/ECF:

N. James Turner, Esq.
N. James Turner, LLC
37 N Orange Ave, Suite 500
Orlando, FL 32801
Primary Email: njtlaw@gmail.com
Secondary: njtlawoffice@gmail.com
*Counsel for Plaintiff*

/s/ Louis M. Ursini, III
Louis M. Ursini, III, Esq.
Florida Bar No. 0355940