UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOCELYN Y. DIAZ,

     Plaintiff,

v.                                                            Case No:   6:14-cv-1338-Orl-31TBS

THE FIRST MARBLEHEAD CORPORATION,
NATIONAL COLLEGIATE TRUST and
PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY, INC.,

     Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Pennsylvania Higher Education Assistance Agency, Inc., d/b/a American Education Services' ("AES") Motion for Attorneys' Fees. (Doc. 17).   Upon due consideration I respectfully recommend that the motion be **granted**.

### Background

The motion is based in part upon what occurred in the earlier filed case of Soto et al. v. Citimortgage, Inc. et al, Case Number 6:14-cv-263-28DAB.   There, plaintiffs Maria and Raul Soto brought claims against Citimortgage, Inc., Gladstone Law Group, P.A. (the "Law Firm"), and attorney Nusrat Mansoor for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o.   (Case Number 6:14-cv-263-JA-DAB, Doc. 1).   The Sotos alleged that the Law Firm and Mansoor, acting on behalf of Citimortgage, prepared and filed a residential mortgage foreclosure complaint against them.   (Id.).   The summons and complaint served on the Sotos' included a notice containing language they claimed violated the FDCPA.   (Id.).

To prevail on a claim under the FDCPA, "a plaintiff must allege and prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'"   Locke v. Wells Fargo Home Mortg., No. 10-60286-Civ, 2010 WL 4941456, at *3-4 (S.D. Fla. Nov. 30, 2010).   The FDCPA only applies to debt collectors.   Khadija v. Fannie Mae, CIVIL ACTION FILE NO 1:12-cv-02519-WSD-AJB, 2012 WL 6681736, at *7 (N.D. Ga. Nov. 30, 2012) (citing Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1123 (11th Cir. 2004)).

The term "debt collector," as used in the FDCPA is a term of art.   It means a person who uses an instrumentality of interstate commerce or the mails in a business in which the principal purpose is to collect debts or who regularly collects or attempts to collect debts owed or due another.   15 U.S.C. § 1692a(6).   The servicer of a debt is not a "debt collector," under the Act.   See Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009) (citation omitted) (Under the FDCPA, "consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned."); see also 15 U.S.C. §1692a(6)(F)(iii).

Citimortgage filed a motion to dismiss the Sotos' claim on the ground that it was the mortgage loan servicer and thus, as a matter of law, not a debt collector for purposes of the FDCPA.   (Case Number 6:14-cv-263-JA-DAB, Doc. 20).   Four days later, on April 22, 2014, the Sotos voluntarily dismissed their FDCPA claims against Citimortgage. (Case Number 6:14-cv-263-JA-DAB, Docs. 26-27, 29).   The Sotos were represented by attorney N. James Turner.   (Id.).

Plaintiff Jocelyn Y. Diaz employed Mr. Turner to file this lawsuit alleging that she obtained two student loans, both of which are serviced by AES.[1]  (Doc. 1, ¶¶ 19-20). She complained that from August 2012 through January 2013, AES phoned her daily in an attempt to collect a debt, and that it failed to offer her any repayment options, causing her to infer that AES wanted her to default on the loans.  (Id., ¶¶ 38-39).   In July, 2014, she sent a letter to AES, requesting, among other things, proof of the alleged debts, a complete account history, and AES' authorization to collect the debts.  (Id., ¶ 42).   AES wrote in response that it needed "the complete trade line account number(s) [Plaintiff] wished to be validated."  (Id., at 14).   Ms. Diaz' complaint alleged that the letter from AES was false, deceptive, and misleading.  (Id., ¶¶ 44-48).

Ms. Diaz amended her complaint before it was served on AES.  (Doc. 9).   Her amended complaint alleges that "Defendant, AES, is the servicer of the two student loan [sic] referred to above and alleged to be owed by Plaintiff."  (Id., ¶ 34).   AES, like Citimortgage in the Soto case, motioned the Court to dismiss Ms. Diaz' amended complaint with prejudice on the ground that loan servicing companies are not "debt collectors" under the FCPA.  (Doc. 13).   In its motion, AES prayed for an award of its attorney's fees and costs.  (Id. at 5).   Five days after AES filed its motion, Ms. Diaz voluntarily dismissed this action without prejudice.  (Doc. 15).   Upon receipt of Plaintiff's notice, the Court entered its Order dismissing the case without prejudice, with "each party to bear its own fees and costs."  (Doc. 16).   Thirteen days after the Court's Order was docketed, AES filed the pending motion for an award of its attorney's fees pursuant to

---

[1] Paragraph 32 of the complaint avers "Defendant, AES, is the servicer of the two student loan [sic] referred to above."  (Doc.1, ¶ 32).

FED. R. CIV. P. 54(d), and 15 U.S.C. § 1692k(a)(3).   Ms. Diaz has filed a memorandum in

opposition to the motion.   (Doc. 18).

## Discussion

A.  Effect of Court Order of Dismissal

The first issue to be decided is the effect of the Court's Order dismissing the case.

(Doc. 16).   AES seeks relief from this Order under FED. R. CIV. P. 60.   (Doc. 17 at 2 n. 2).

Ms. Diaz does not address this part of the motion in her memorandum.   No answers or

motions for summary judgment were filed in this case.   A "plaintiff may dismiss an action

without a court order by filing a notice of dismissal before the opposing party serves either

an answer or a motion for summary judgment[.]"   FED. R. CIV. P. 41(a)(1)(A)(i).   "[A] Rule

41(a)(1) voluntary dismissal is effective immediately and requires no action by the district

court."  Univ. of S. Ala. v. Am. Tocacco Co., 168 F.3d 405, 409 (11th Cir. 1999).

Voluntary dismissal under this rule is a "self-executing," "legally operative act of

dismissal," and "moots all pending motions, obviating the need for the district court to

exercise its jurisdiction."   Id. at 409 (citing Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of

Machinists, 452 F.2d 794, 797-98 (5th Cir. 1971))[2]; D&W Health Servs., Inc. v. Sebelius,

Civil Action No. 10-319-JJB-SCR, 2011 WL 2552522, at * 2 (M.D. La. June 27, 2011);

Derr v. Swarek, 766 F.3d 430, 439-441 (5th Cir. 2014).   When the district court enters a

subsequent order related to the Rule 41(a)(1)(A)(i) notice, that order is superfluous.

Derr, 766 F.3d at 4440-41; cf. Anago Franchising, Inc. v. ECO Bldg. Svcs. LLC, 677 F.3d

1272, 1275 (11th Cir. 2012); SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 461 (5th

Cir. 2010); Boran v. United Migrant Opportunity Servs., 99 F. App'x 64, 66-68 (7th Cir.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

2004); <u>Johnson v. Pringle Dev., Inc.</u>, No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at *2 n. 9-10 (M.D. Fla. Aug. 1, 2006).   A motion to dismiss a complaint made pursuant to Rule 12(b)(6) also does not terminate Plaintiff's right to dismiss under Rule 41.   <u>Frank v. Trilegiant Corp. Inc.</u>, No. 10 CV 5211 (DRH)(ARL), 2012 WL 214100, at *2 (E.D.N.Y. Jan. 24, 2012); <u>Int'l Comms., Inc. v. Rates Tech, Inc.</u>, No. CV 88-0377, 1988 WL 49214, at *1 (E.D.N.Y. May 10, 1988).   So I conclude that the Order was unnecessary and does not bar AES' motion.   If the Court disagrees, then I respectfully recommend that it grant AES relief from the Order pursuant to Rule 60.

   B.  AES' Entitlement to Attorneys' Fees Under 15 U.S.C. § 1692k(a)(3)

   Section 1692k(a)(3) of the FDCPA provides that the Court may award a defendant its reasonable attorneys' fees and costs upon a finding that the action was brought in bad faith and for the purpose of harassment.   15 U.S.C. § 1692k(a)(3).   Ms. Diaz' failure to state a claim against AES upon which this Court could have granted relief "does not equate to a finding that she proceeded in bad faith and for the purpose of harassment by bringing this claim."   <u>Heald v. Ocwen Loan Svcng, LLC</u>, No. 3:13-cv-993-J-34JRK, 2014 WL 4639410, at *6 n.16 (M.D. Fla. Sept. 16, 2014).   Bad faith is found where "a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant."   <u>Montero-Hernandez v. Palisades Collection, Inc.</u>, No. 6:12-cv-1736-Orl-22KRS, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014).   The Eleventh Circuit has said that "a finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim ..." <u>Id.</u> (citing <u>Schwartz v. Millon Air, Inc.</u>, 341 F.3d 1220, 1225-26 (11th Cir. 2003)).

   When Mr. Turner prepared and filed Ms. Diaz' complaint and amended complaint he alleged that AES was the servicer of the loans in question.   The general rule is "that a

party is bound by the admissions in his pleadings." <u>Best Canvas Prods. & Supplies, Inc.</u> <u>v. Ploof Truck Lines, Inc.</u>, 713 F.2d 618, 621 (11th Cir. 1983).   Based on his experience in the Soto case, Mr. Turner knows loan servicers are not debt collectors for purposes of the FDCPA.   This leads me to conclude that he knew his client's claim was frivolous and still chose to pursue it.   This is sufficient in my view to show that the claim against AES was filed in bad faith and for purposes of harassment, or for some other improper purpose.   Therefore, I respectfully recommend that the Court find AES is entitled to recover its reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

The general rule is that clients are responsible for the acts and omissions of the attorneys they select to represent them.   The United States Supreme Court has observed that:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.   Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

<u>Link v. Wabash R&R Co.</u>, 370 U.S. 626, 633-34 (1962) (internal quotation and citation omitted); <u>see</u> <u>also</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 417-18 (1988); <u>Young v. City of Palm Bay, Florida</u>, 358 F.3d 859, 864 (11th Cir. 2004); <u>Barger v. City of Cartersville, Georgia</u>, 348 F.3d 1289, 1295 (11th Cir. 2003).   Ms. Diaz has not asserted an advice of counsel defense or provided any reason why the general rule does not apply.   Therefore, I respectfully recommend that the Court follow the general rule and find that she is liable to AES based upon Mr. Turner's knowledge and actions.

C.  Imposition of Sanctions Against Attorney Turner Pursuant to Rule 11 and 28
U.S.C. § 1927

Given the unusual circumstances of this case, I find it necessary to raise the

possibility of FED. R. CIV. P. 11 sanctions against Mr. Turner.   Rule 11 provides that "[i]f,

after notice and a reasonable opportunity to respond, the court determines that Rule

11(b) has been violated, the court may impose an appropriate sanction on any attorney,

law firm, or party that violated the rule or its responsible for the violation."   FED. R. CIV. P.

11.   Rule 11 gives the Court discretion to impose sanctions on an attorney when: (1) a

party files a pleading that has no reasonable factual basis; (2) the party files a pleading

that is based on a legal theory that has no reasonable chance of success and that cannot

be advanced as a reasonable argument to change existing law; or (3) the party files a

pleading in bad faith for an improper purpose.   Massengale v. Ray, 267 F.3d 1298, 1301

(11th Cir. 2001).   "Rule 11 is intended to reduce frivolous claims and to deter costly

meritless maneuvers, thereby eliminating delay, and reducing the cost of litigation."

Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte, 141 F.3d 1434, 1448 (11th Cir. 1998)

(quoting Pierce v. Commercial Warehouse, 142 F.R.D. 687, 690-691 (M.D. Fla. 1992)).

Simple negligence or ignorance of the facts or law, without more, is not "akin to

contempt."   Gehl v. Direct Transport, Ltd., No. 6:12-cv-1869-Orl- 31DAB, 2013 WL

424300, at *2 (M.D. Fla. Feb. 4, 2013).   "[M]aking a knowingly false statement or

exhibiting 'deliberate indifference to obvious facts' is akin to contempt and warrants *sua*

*sponte* Rule 11 sanctions."   Id. (quoting Hodge v. Orlando Utilities Com'n, No. 6:09-cv-

1059-Orl-19DAB, 2010 WL 376019, at *5 (M.D. Fla. Jan. 25, 2010))[3].

---

[3] Gehl attributes this quote to Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002).   However,
this quote is not found in Riccard, but in Hodge.   See Hodge, 2010 WL 376019, at *5.

The Eleventh Circuit has expressly declined to rule on whether the "akin to contempt" standard requires subjective bad faith on the part of a litigant or attorney. Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255-56; see also McDonald v. Emory Healthcare Eye Center, 391 F. App'x 851, 853 (11th Cir. 2010).   Nevertheless, some courts in this district have interpreted the "akin to contempt" standard to require a showing of bad faith.   Gehl, 2013 WL 424300, at *1; Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC, No. 3:10-cv-978-J-37JBT, 2011 WL 7030963, at *3 (M.D. Fla. Nov. 10, 2011); Hodge, 2010 WL 376019 at *4.

A finding of "bad faith" requires a showing of dishonesty of belief or purpose. Black's Law Dictionary, 159 (9th ed. 2009).   "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.   A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."   In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001)); Hodge, 2010 WL 376019, at *6 (finding "akin to contempt" to equate to subjective bad faith and defining bad faith as "making a knowingly false statement or exhibiting a deliberate indifference to obvious facts ..."); Thomas v. Early Cnty., Ga., No. 12-12910, 2013 WL 1798338, at *1 (11th Cir. Apr. 29, 2013) (internal quotations omitted) (citing FED. R. CIV. P. 11, advisory committee notes (1993 amendments)).

When Mr. Turner filed Plaintiff's complaint and amended complaint he knew AES is the servicer of her student loans and that loan servicers are not debt collectors under the FDCPA.   Therefore, he must have known his client's claim was frivolous and still chose to pursue it, which I have already determined to be an act of bad faith.

Consequently, the Court may wish to consider entering an order directing Mr. Turner to show cause why sanctions should not be imposed against him under Rule 11 and/or 28 U.S.C. § 1927.[4]

D.  Amount of Attorneys' Fees

The next issue is the amount of attorney's fees AES should recover.   It is well settled that district courts in the Eleventh Circuit are required to utilize the "lodestar approach" to calculate a reasonable attorney's fee.   See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992).   The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate."   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

The first step in determining the lodestar is to assess the reasonable number of hours expended.   Jackson, 2010 WL 750301, at *3-4.   The fee applicant bears the burden of documenting the appropriate number of hours.   See United States v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995).   AES seeks fees for 11.30 hours of work performed by attorney Louis M. Ursini III and 5.30 hours of work performed by attorney Angela N. Grewal from September 9, 2014 through October 16, 2014.   (Doc. 17; Doc.17-1).   The motion includes an affidavit by the lead attorney, Mr. Ursini, and the law firm's timekeeper ledgers in support of this claim.   (Doc. 17-1).   Ms. Diaz has not disputed the reasonableness of the claimed hours.   After reviewing

---

[4] Pursuant to federal statute, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

counsel's time entries, I recommend that the Court find the entire 16.6 hours was reasonably expended by counsel for AES on the defense of this action.

The next step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate.   "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3.   The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates."   In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work.   Loranger, 10 F.3d at 781.   In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate.   See Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing Blum v. Stenson, 465 U.S. 886, 896 (1984)).   In all cases, a district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."   Loranger, 10 F.3d at 781.

Mr. Ursini billed AES $350 per hour and Ms. Grewal's time was billed at $210 per hour.   This is less than Mr. Ursini's regular rate of $390 per hour and Ms. Grewal's regular rate of $245 per hour.   (Doc.17-1 at 1-2).   Mr. Ursini has been licensed to practice law in the State of Florida since 2000 and has practiced in both state and federal courts throughout the state for the duration of his career.   (Id. at 1).   Ms. Diaz has not disputed the reasonableness of the hourly rates charged by counsel for AES.   Based upon my independent review and knowledge of the hourly rates charged by attorneys appearing in this Court, I recommend that the Court find that the requested rates are

reasonable.

The following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170.   After considering these factors, I find that they do not impact the calculation of a reasonable fee in this case or alternatively, that there is not evidence concerning these factors before the Court.

Accordingly, I respectfully recommend that AES be awarded a total of $5,068 in attorney's fees based upon counsels' hours worked and their applicable hourly rates.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendant's Motion for Attorneys' Fees (Doc. 17) be **GRANTED**, and that AES be awarded $5,068 for which judgment should be entered against Plaintiff.   The Court may also wish to consider entering an order directing Mr. Turner to show cause why sanctions should not be imposed against him under Rule 11 and/or 28 U.S.C. § 1927

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 3, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record